## THE HUSTLER.
## THE BLEAKLEY NO. 76.

## CARBONATE OF LIME CORPORATION v. DANIEL ROE TOWING & TRANSPORTATION CO., Inc.

District Court, S. D. New York.
Feb. 8, 1932.

Frederick W. Park, of New York City, for libelant.

Barry, Wainwright, Thacher & Symmers, of New York City, for respondent.

Haight, Smith, Griffin & Deming, of New York City, for the Hustler.

Purdy & Purdy, of New York City, for the Bleakley No. 76.

MACK, Circuit Judge.

The question presented on the exceptions is whether or not the cargo owner can hold the Hustler for any part of the expenses incurred by it in removing and dumping the damaged cargo.

The special commissioner has found in favor of the cargo owner. In my opinion, error has been committed in this respect, in view of the evidence that the sound cargo was first removed. After the sound cargo had been removed, the cargo owner was under no obligation to the tort-feasors, as such, to do anything in respect to the damaged cargo, inasmuch as any water damage was fatal to the cargo and made it a total loss. If, in order to rescue the sound cargo, it had become necessary to unload or even to dump all or some of the damaged cargo, a different question would be presented, but that is not the situation before me.

Unless the parties agree upon the apportionment of the expenses as between the sound and the unsound cargo, the matter will be re-referred to the special commissioner for determination thereof.

The second exception involving a few cents in calculation is conceded to be well taken.